## Commonwealth v. Kraus.

*Practice, J. P. and Q. S.—Prosecutions for surety of the peace—Justice's transcript—Acts of March 18, 1909, and April 27, 1909.*

The proceedings in a prosecution for surety of the peace will be quashed where the justice's record does not set forth that the evidence shows to the satisfaction of the justice that the prosecutor's danger of being hurt in body and estate is actual and that the threats were made by the defendant maliciously and with intent to do harm; that the justice afforded an opportunity and suggested to the parties the propriety of compromising their differences before entering into a hearing in the case, as required by the Act of March 18, 1909, P. L. 42; and where the record shows that the recognizance was taken for appearance of the defendant to the next term of the Court of Quarter Sessions of the Peace, instead of forthwith, as required by the Act of April 27, 1909, P. L. 260.

Motion to quash justice's return, etc. Q. S. Bucks Co.

*Hiram H. Keller*, District Attorney, for Commonwealth.

*Harmon Yerkes*, for defendant.

RYAN, P. J., Jan. 2, 1922.—The transcript of the justice shows that upon July 6, 1921, he issued a warrant for the arrest of the defendant, upon an information which charged that the latter "did make certain threats to kill the affiant, his lawful wife, and that she is afraid that he will carry out his threats;" and that a hearing was held the same day, at which the witnesses for the Commonwealth named were heard as well as the defendant, who desired to be heard, and, "after being warned," was "given an opportunity to be heard" and was sworn. The transcript further discloses the following action by the justice: "And now, to wit, July 6, 1921, the above charge is found to be sustained and the defendant is held for court. In default of bail, the defendant is committed to the Bucks County Prison. July 8, 1921, defendant released on $500 bail. July 7, 1921, transcript sent up." The defendant moves to quash upon seven grounds. The second, third and fourth aver that the record shows that the justice did not proceed in accordance with the Act of March 18, 1909, P. L. 42, entitled "An act relating to surety of the peace, and defining procedure in such cases." Under the provisions of this act, it is the duty of the justice, "before he binds any one over, . . . and in the meantime to keep the peace," to "enter into a full hearing and investigation of the facts," and to "only bind over the defendant when the evidence shows to the satisfaction of the justice that the prosecutor's or prosecutrix's danger of being hurt in body and estate is actual, and that the threats were made by the defendant maliciously and with intent to do harm." Section 3 of the act further provides as follows: "It shall be the duty of the justice of the peace who has entertained a complaint in a surety of the peace case to afford an opportunity and to suggest to the parties the propriety of compromising their differences before entering into a hearing." All these matters prescribed by act are jurisdictional facts that must appear by the justice's record to sustain his judgment. See Com. v. Keener, 30 Dist. R. 641, 50 Pa. C. C. Reps. 220. The second ground upon which the motion to quash is based avers, *inter alia*, that the transcript "fails to set forth the words by which the defendant is alleged to have threatened to kill his wife, and that the threats were made by the defendant maliciously and with the intent to do harm;" the third, that it "does not set forth that there was a full hearing and investigation of the facts, and that the prosecutrix's danger of being hurt is actual and that the threats were made by the defendant maliciously and with intent to do harm, and that the prosecutrix is actually in danger of being hurt in body and estate;" and the fourth, "that the transcript fails to show that the justice

of the peace afforded an opportunity and suggested to the parties the propriety of compromising their differences before entering into a hearing in the case." These objections are well founded. In the absence of these findings and averments of jurisdictional facts, the proceedings must be quashed. Other grounds averring irregularities in the record are the first, that there is no copy of the information returned with the transcript; and the fifth, that the recognizance was taken for the appearence of the defendant to the next term of the Court of Quarter Sessions of the Peace instead of forthwith, as required by the Act of April 27, 1909, P. L. 260. These are also well founded. The sixth and seventh grounds need not be considered, in view of the conclusions above set forth.

And now, to wit, Jan. 2, 1922, the proceedings are quashed.

From Calvin S. Boyer, Doylestown, Pa.